IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

JOHNNY TAYLOR,

    Plaintiff,

v.

DR. PIERRE FOUNTAINE; GRADY
PERRY; ANDRE FORD; BRIAN
OWENS; and SHARON LEWIS,

    Defendants.

CIVIL ACTION NO.: CV513-026

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently confined at Coffee Correctional Facility in Nicholls, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting the conditions of his confinement. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 52 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff contends that Defendant Fountaine stopped giving Plaintiff medications he needs to treat his hepatitis upon his arrival at Coffee Correctional Facility. Plaintiff asserts that Defendant Fountaine examined him about three (3) weeks after his arrival at Coffee Correctional Facility, and Defendant Fountaine refused to place Plaintiff back on his hepatitis medication because Plaintiff was old and would "die soon." (Doc. No. 1, p. 6). Plaintiff also asserts that he filed an informal grievance about getting put back on his medications, and, as a result, Defendant Fountaine stopped giving Plaintiff medications necessary to treat his cardio obstructive pulmonary disease ("COPD"). Plaintiff alleges that he received his COPD medications about two (2) months later and dropped his grievance. Plaintiff avers that Defendant Fountaine retaliated against him once again by discontinuing his morning insulin.

AO 72A
(Rev. 8/82)

Plaintiff also names as Defendants: Grady Perry, Warden; Andre Ford, Assistant Warden; Brian Owens, Commissioner of the Georgia Department of Corrections; and Sharon Lewis, Medical Director with the Georgia Department of Corrections. Plaintiff states that these Defendants had "knowledge of the needed treatment" because of his grievances and did not treat him. (Id.). A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). By Plaintiff's own admission, after he filed grievances, he was given his medications. (Doc. No. 1, p. 7). Even if these Defendants could be considered to have knowledge of Plaintiff's medical conditions because Plaintiff filed grievances against Defendant Fountaine, it cannot be said that these Defendants were deliberately indifferent to Plaintiff's serious medical needs. Rather, it appears Plaintiff seeks to hold Defendants Perry, Ford, Owens, and Lewis liable based solely on their supervisory positions. In section 1983 actions, liability must be based on something more than a theory of respondeat superior. Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. Plaintiff has made no such showing. Plaintiff's claims against Defendants Perry, Ford, Owens, and Lewis should be **DISMISSED**.

However, the Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates. This duty to safeguard also embodies the principle expressed by the Court in Estelle, 429 U.S. at 104, forbidding

AO 72A
(Rev. 8/82)

prison officials from demonstrating deliberate indifference to the serious medical needs of inmates. Farmer v. Brennan, 511 U.S. 825, 832 (1994). Plaintiff arguably sets forth a deliberate indifference claim against Defendant Fountaine.

Plaintiff also contends that Defendant Fountaine's actions violate Georgia's "breach of duty statute." (Doc. No. 1, p. 7). To the extent Plaintiff wishes to pursue a negligence claim (i.e., a breach of duty), he ordinarily could not do so in this cause of action. An allegation that a defendant acted with negligence in causing a plaintiff injury is not sufficient to support a claim under 42 U.S.C. § 1983. Daniels v. Williams, 474 U.S. 327, 330-31 (1986). "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." Baker v. McCollan, 443 U.S. 137, 146 (1979). Negligence by a doctor, or "[m]edical malpractice[,] does not become a constitutional violation merely because the [putative] victim is a prisoner[.]" Id. (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976) (first alteration in original). The Court exercises its supplemental (or pendent) jurisdiction and permits Plaintiff to proceed with his state law claim. 28 U.S.C. § 1367(c); L.A. Draper & Son v. Wheelabrator-Frye, Inc., 735 F.2d 414, 427 (11th Cir. 1984) (a court can exercise pendent jurisdiction over state law claims not otherwise cognizable in federal court where the court has jurisdiction over a substantial federal claim and the federal and state claims derive from a common nucleus of operative fact) (internal punctuation and citation omitted).

Moreover, "[t]o state a First Amendment claim for retaliation, a prisoner need not allege violation of a separate and distinct constitutional right." Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003) (internal citations omitted). Rather, "[t]he gist of a

AO 72A
(Rev. 8/82)

retaliation claim is that a prisoner is penalized for exercising the right of free speech." Id. A prisoner can establish retaliation by demonstrating that the prison official's actions were "the result of his having filed" a lawsuit "concerning the conditions of his imprisonment." Id. Plaintiff arguably alleges a retaliatin claim against Defendant Fountaine.

These allegations, when read in a light most favorable to the Plaintiff, arguably state colorable claims for relief under 42 U.S.C. § 1983, 28 U.S.C. § 1915A, and state law against Defendant Fountaine. A copy of Plaintiff's Complaint and a copy of this Order shall be served upon Defendant Fountaine by the United States Marshal without prepayment of cost.

If Defendant elects to file a Waiver of Reply, then he must file either a dispositive motion or an answer to the complaint within thirty (30) days of the filing of said Waiver of Reply.

**INSTRUCTIONS TO DEFENDANT**

Since the Plaintiff is authorized to proceed in forma pauperis, service must be made by the United States Marshal. FED. R. CIV. P. 4(c)(3). In most cases, the marshal will first mail a copy of the complaint to the Defendant by first-class mail and request that the Defendant waive formal service of summons. FED. R. CIV. P. 4(d); Local Rule 4.5. Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. FED. R. CIV. P. 4(d)(2). Generally, a defendant who timely

5

AO 72A
(Rev. 8/82)

returns the waiver is not required to answer the complaint until sixty (60) days after the date that the marshal sent the request for waiver. FED. R. CIV. P. 4(d)(3).

IT IS FURTHER ORDERED that Defendant is hereby granted leave of court to take the deposition of the Plaintiff upon oral examination. FED. R. CIV. P. 30(a). The Defendant shall ensure that the Plaintiff's deposition and any other depositions in the case are taken <u>within the 140-day discovery period</u> allowed by this court's local rules. Local Rule 26.1(d)(i).

In the event Defendant takes the deposition of any other person, he is ordered to comply with the requirements of Federal Rule of Civil Procedure 30 as set forth herein. As the Plaintiff will likely not be in attendance for such a deposition, the Defendant shall notify Plaintiff of the deposition and advise him that he may serve on the Defendant, in a sealed envelope, within ten (10) days of the notice of deposition, written questions the Plaintiff wishes to propound to the witness, if any. The Defendant shall present such questions to the witness seriatim during the deposition. FED. R. CIV. P. 30(c).

### **INSTRUCTIONS TO PLAINTIFF**

IT IS FURTHER ORDERED that Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon his attorney, a copy of every further pleading or other document submitted for consideration by the court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendant or counsel. FED. R. CIV. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." FED. R. CIV. P. 10(a). Any paper received by a district judge or magistrate judge which has not been filed with

AO 72A
(Rev. 8/82)

the Clerk or which fails to include a caption or a certificate of service will be disregarded by the court and returned to the sender.

Plaintiff is charged with the responsibility of immediately informing this Court and defense counsel of any change of address during the pendency of this action. Local Rule 11.1. Failure to do so may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendant, Plaintiff must initiate discovery. See generally FED. R. CIV. P. 26, *et seq*. Plaintiff does not need the permission of the court to begin discovery, and Plaintiff should begin discovery promptly and complete it within 140 days after the filing of the answer. Local Rule 26.1(d)(i).

Interrogatories are a practical method of discovery for incarcerated persons. See FED. R. CIV. P. 33. Interrogatories may be served only on a party to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not named as the Defendant. Interrogatories shall not be filed with the court. Local Rule 26.4. Interrogatories are not to contain more than twenty-five (25) questions. FED. R. CIV. P. 33(a). If Plaintiff wishes to propound more than twenty-five (25) interrogatories to a party, Plaintiff must have permission of the court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorneys for the Defendant and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. FED. R. CIV. P. 26(c); 37(a)(2); Local Rule 26.5. Plaintiff has the responsibility for maintaining his own

AO 72A
(Rev. 8/82)

records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty ($.50) cents per page.

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution. FED. R. CIV. P. 41; Local Rule 41.1.

It is the Plaintiff's duty to cooperate fully in any discovery which may be initiated by the Defendant. Upon no less than five (5) days notice of the scheduled deposition date, the Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, <u>including dismissal of this case</u>.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is <u>required</u> to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the court.

## **ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT**

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen (14) days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local Rule 7.5. Therefore, if you fail to respond to a motion to dismiss, the Court will assume that you do not oppose the Defendant's motion.

AO 72A
(Rev. 8/82)

Your response to a motion for summary judgment must be filed within twenty one (21) days after service of the motion. Local Rules 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in the Defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should the Defendant file a motion for summary judgment, you are advised that you will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should the Defendant's motion for summary judgment be supported by affidavit, you must file counter-affidavits if you desire to contest the Defendant's statement of the facts. Should you fail to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, the consequences are these: any factual assertions made in Defendant's affidavits will be accepted as true and summary judgment will be entered against the Plaintiff pursuant to Federal Rule of Civil Procedure 56.

SO ORDERED and REPORTED and RECOMMENDED, this 26th day of April, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE