IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

JOHNNY TAYLOR,

    Plaintiff,

v.                                    CIVIL ACTION NO.: CV513-026

DR. PIERRE FOUNTAINE; GRADY
PERRY; ANDRE FORD; BRIAN
OWENS; and SHARON LEWIS,

    Defendants.

## ORDER

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In his Objections, Plaintiff asserts that he has shown that Defendants Perry, Ford, Owens, and Lewis were aware that their subordinate, Defendant Fountaine, would act unlawfully and failed to stop him from doing so. Plaintiff cites as support of this assertion Young v. Nichols, 398 F. App'x 511 (11th Cir. 2010).

In Young, the Eleventh Circuit Court of Appeals noted that a plaintiff cannot sue supervisory officials under 42 U.S.C. § 1983 on the basis of respondeat superior or vicarious liability. However, supervisory liability could be appropriate "'either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional violation.'" Young, 398 F. App'x at 515 (quoting Keating v. City of Miami, 598 F.3d 753, 762 (11th Cir. 2010). "Facts sufficient to establish a causal connection

AO 72A
(Rev. 8/82)

include those which support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Id. (internal citation and punctuation omitted). The Eleventh Circuit determined that the plaintiff failed to present evidence that there was a causal connection between the alleged constitutional violations and the supervisory officials' actions. Id.

Similar to the plaintiff in Young, Plaintiff fails to present any facts indicating that Defendants Perry, Ford, Owens, or Lewis had any knowledge that Defendant Fountaine would act unlawfully and failed to stop him from doing so. As the Magistrate Judge noted, by Plaintiff's own admission, he received his medications after he filed his grievances, which, according to Plaintiff, is how these supervisory officials garnered knowledge of Defendant Fountaine's alleged improper actions. Plaintiff does not set forth facts which reveal a plausible causal connection between the actions of Defendants Perry, Ford, Owens, or Lewis and the alleged constitutional violations.

Plaintiff also asserts that he intended to set forth state law claims for breach of duty against Defendants Perry and Ford, as they had a duty to protect him from injury under Corrections Corporation of America's policy. Plaintiff raises this assertion for the first time in his Objections. This Court's usual practice is not to entertain assertions made for the first time in Objections. Williams v. McNeil, 557 F.3d 1287 (11th Cir. 2009). Even if the Court were to consider this assertion, the Court would have to exercise its supplemental, or pendent, jurisdiction over Plaintiff's putative state law claims against Defendants Perry and Ford. As Plaintiff fails to set forth a claim for a constitutional violation by Defendants Perry and Ford, the Court declines to exercise

AO 72A
(Rev. 8/82)

supplemental jurisdiction over Plaintiff's state law claim for breach of duty against these Defendants.

Plaintiff's Objection are **overruled**. The Magistrate Judge's Report and Recommendation, as supplemented herein, is adopted as the opinion of the Court. Plaintiff's claims against Defendants Perry, Ford, Owens, and Lewis are **DISMISSED**.

**SO ORDERED**, this 24 day of July, 2013.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA